IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Anthony Dickerson, | ) | Civil Action No. 9:25-CV-13939-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **DEFENDANT'S RULE 12(B)(2)** |
| | ) | **MOTION TO DISMISS** |
| Austin Capital Bank SSB, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant Austin Capital Bank ("**ACB**") files this Motion to Dismiss[1] pursuant to Rules 12(b)(2) and would respectfully show the Court as follows:

## I.    INTRODUCTION

Plaintiff Anthony Dickerson ("**Plaintiff**") purports to bring an action under the Fair Credit Reporting Act based on allegations that ACB, a Texas-chartered bank with no presence in South Carolina, failed to properly investigate and report information about Plaintiff's account.

Plaintiff's Complaint against ACB must be dismissed because Plaintiff fails to allege any facts that subject ACB to personal jurisdiction in South Carolina. ACB is a Texas bank with no relationship to the state of South Carolina. Plaintiff does not offer any factual allegations demonstrating ACB's connection to South Carolina. Indeed, Plaintiff wholly fails to allege that ACB engaged in *any* conduct in South Carolina relating to any of Plaintiff's claims. Subjecting ACB to the Court's jurisdiction given ACB's absence of sufficient contact with South Carolina does not comport with due process.

---

[1] Pursuant to Local Rule 7.04 (D.S.C.), no separate memorandum is being submitted as the complete grounds are set forth in this Motion.

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

Plaintiff alleges that his ACB account was opened fraudulently. He claims that he disputed his tradeline and that ACB failed to investigate and remove the reporting of the account. He also pleads that ACB is "headquartered in Texas" and that its president is located in Texas.[3] Plaintiff also pleads the conclusory allegation that ACB was "at all times relevant herein doing business in South Carolina."[4]

Nowhere in the Complaint does Plaintiff attempt to connect ACB to South Carolina. ACB is a Texas bank headquartered in Austin, Texas.[5] All of ACB's executives are based in Texas, and ACB does not have any employees based or residing in South Carolina.[6] ACB has no offices or branches in South Carolina and has never had a physical location in South Carolina.[7] Thus, any and all reporting and investigation into Plaintiff's tradeline was performed by individuals in Texas.[8] ACB does not have a registered agent for service of process in South Carolina.

## III.     LEGAL STANDARD

Rule 12(b)(2) permits dismissal for lack of personal jurisdiction.[9] In determining whether personal jurisdiction exists over a non-resident defendant, the court must perform a two-step analysis. The court must first determine whether the South Carolina long-arm statute provides a basis for asserting jurisdiction over the defendant.[10] Then, the court must determine that the

---

[2] Pursuant to Federal Rule of Civil Procedure 12, the allegations set forth in the Complaint are presumed to be true only for purposes of the Motion.
[3] *See* Doc. No. 1, ¶10.
[4] *Id.*
[5] See **Exhibit A**, Declaration of Daniel Baker.
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] Fed. R. Civ. P. 12(b)(2).
[10] *See Young v. FDIC*, 103 F.3d 1180, 1191 (4th Cir.1997)

exercise of personal jurisdiction does not violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution.[11] South Carolina's long-arm statute has been construed to extend to the outer limits allowed by the Due Process Clause.[12] Thus, the dual jurisdictional requirements collapse into a single inquiry as to whether the defendant has "certain minimum contacts" with the forum, such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[13]

## IV.    ARGUMENT

### A.    ACB is Not Subject to General Jurisdiction in South Carolina.

Upon a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff has the burden of showing that jurisdiction exists.[14] General jurisdiction may be asserted only where the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State."[15] A defendant may be deemed "at home" in a jurisdiction other than its state of incorporation and principal place of business only in a truly "exceptional case."[16] In fact, the threshold to establish general jurisdiction requires that the contacts with the forum "be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [the forum] court in any litigation arising out of any transaction or occurrence taking place anywhere in the world."[17]

---

[11] *Anita's New Mexico Style Mexican Food, Inc. v. Anita's Mexican Foods Corp*., 201 F.3d 314, 317 (4th Cir.2000).

[12] *Foster v. Arletty 3 Sarl*, 278 F.3d 409, 414 (4th Cir.2002).

[13] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal citations omitted).

[14] *See In re Celotex Corp.*, 124 F.3d 619, 628 (4th Cir.1997); *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.,* 334 F.3d 390, 396 (4th Cir.2003).

[15] *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017).

[16] *Daimler AG v. Bauman*, 571 U.S. 117, 139 & n.19 (2014); *Goodyear Dunlop Tires Operations, S.A.*, 564 U.S. at 919.

[17] *Purdue*, 338 F.3d at 787.

In this case, the Court lacks general personal jurisdiction over ACB because, in light of Plaintiff's lack of allegations and ACB's indisputable facts detailed above, ACB is not "at home" in South Carolina. ACB is Texas-based bank headquartered in Texas and has never been headquartered or incorporated in South Carolina.[18] ACB has never had a physical location in South Carolina; it does not own, rent, lease, or maintain any physical offices or branches in South Carolina, and it maintains no bank account in South Carolina.[19] None of ACB's executives are based in South Carolina, ACB does not have any employees based or residing in South Carolina, and ACB does not pay any South Carolina taxes.[20] ACB does not even have a registered agent for service of process in South Carolina.[21]

South Carolina federal courts have held that even when a foreign corporation contracted to supply services in South Carolina, has repeatedly done business with South Carolina citizens, and had employees in South Carolina, those facts were insufficient to give rise to general jurisdiction.[22] Plaintiff has not (and cannot) plead facts that come close to this level of contact with South Carolina, nevertheless contacts sufficient to support the exercise of general jurisdiction over ACB.

### B.     ACB is Not Subject to Specific Jurisdiction in South Carolina.

A three-prong standard governs the inquiry into specific jurisdiction, analyzing "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable."[23]

---

[18] *See* Ex. A.
[19] *Id.*
[20] *Id.*
[21] *Id.*
[22] *See FL Spring Hill Cortez LLC v. BC Waycross Spring Hill LLC,* 651 F. Supp. 3d 801, 807 (D.S.C. 2023)
[23] *Mobilization Funding, LLC v. Stokes*, 163 F.4th 55, 61 (4th Cir. 2025)

As to the first prong, Plaintiff has only pled one conclusory statement regarding ACB's alleged purposeful availment – "at all times relevant herein doing business in South Carolina."[24] But even if this statement were true (which it is not), "conclusory averments" like this are insufficient to establish specific jurisdiction; a plaintiff has to "adduce evidence of specific facts" that give rise to specific jurisdiction.[25] Plaintiff therefore fails to meet the first prong.

Plaintiff also fails to establish the second prong. In order to establish specific jurisdiction, Plaintiff's claims must arise out of ACB's contacts with South Carolina. Counts one and two of Plaintiff's Complaint relate to purported violations of the Fair Credit Reporting Act for failing to properly investigate Plaintiff's tradeline following notice of the dispute.[26] However, Plaintiff never pleads that the allegedly-deficient investigation and re-reporting took place in South Carolina. To the contrary, they took place in Texas.[27] Even if Plaintiff identified some South Carolina conduct by ACB, his claims clearly arise out of Texas activity. There is no ACB conduct in South Carolina that Plaintiff's claims can "arise out of or relate to" to confer specific jurisdiction.[28] The same is true of Plaintiff's defamation claims. Plaintiff never pleads that ACB's actions were expressly aimed at South Carolina.[29] To the contrary, they were aimed specifically at the credit reporting agencies. Of course, this is not material to the jurisdictional analysis because the FCRA preempts defamation based on credit reporting.[30]

The fact that Plaintiff may have felt effects of ACB's actions in South Carolina is irrelevant. "The proper question is not where the plaintiff experienced a particular injury or effect but whether

---

[24] *Id.*

[25] *Id.* at 59.

[26] *See* Doc. No. 1, ¶81-95.

[27] *See* Ex. A.

[28] *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984);

[29] *See Calder v. Jones,* 465 U.S. 789, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984).

[30] *See* 15 U.S.C. § 1681t(b)(1)(F)

the defendant's conduct connects [it] to the forum in a meaningful way."[31] The analysis "focuses on the relationship among the defendant, the forum, and the litigation," and analysis concerning where the alleged injury was felt focuses on Plaintiff's relationship with the forum, not ACB's.[32]

Without any facts to support general jurisdiction, any non-conclusory statements connecting ACB to South Carolina, and without any discussion connecting Plaintiff's causes of action to ACB's South Carolina contacts, there is no way to square conferring specific jurisdiction with the Due Process Clause of the Fourteenth Amendment. Plaintiff therefore fails to establish the third prong as well.

It is common for individuals to file suit against furnishers of information and credit reporting agencies in an attempt to "clean up" their credit, and Plaintiff's claims fall in line with this trend. The fact of the matter is, when it comes to a Texas bank like ACB, courts outside of Texas generally lack personal jurisdiction over it. Indeed, in *Fuller v. Austin Capital Bank*, the Eastern District of Pennsylvania recently dismissed ACB with prejudice, finding no specific jurisdiction where—like here—a plaintiff alleged ACB failed to investigate his credit information, but pled no facts suggesting ACB's investigation occurred in the forum.[33] Similarly, in *Jones v. Experian Information Solutions, Inc.*, the Middle District of Florida dismissed claims against ACB for lack of personal jurisdiction, noting that ACB is a Texas bank with no offices, registered agent, or business operations in Florida, and that all reporting and investigation into the plaintiff's tradeline was performed by individuals in Texas.[34] And in *Rosson v. Austin Capital Bank, SSB*, Case No. 2025CH000039 (Ill. 12th Judicial Cir., Will County), the court

---

[31] *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

[32] *Walden*, 571 U.S. at 283-84.

[33] *See* E.D. Pa. Case No. 2:24-cv-05988-JMY (Order entered Apr. 16, 2025)

[34] *See* M.D. Fla. Case No. 8:25-CV-3384-TPB-AEP, 2026 WL 280812, at *2 (M.D. Fla. Feb. 3, 2026)

likewise dismissed for lack of personal jurisdiction after oral argument, notwithstanding the plaintiff's arguments that ACB's nationwide lending created forum contacts. Without either general or specific jurisdiction, Plaintiff's Complaint against ACB must be dismissed.

## V.    <u>CONCLUSION</u>

ACB therefore respectfully requests that the Court dismiss this matter without prejudice, and for all other relief, in law or equity, to which ACB is justly entitled.

ROBINSON GRAY STEPP & LAFFITTE, LLC

BY: <u>s/Christopher L. Boguski</u>
      Christopher L. Boguski (Fed. I.D. No. 11564)
      cboguski@robinsongray.com
      2151 Pickens Street, Suite 500
      Post Office Box 11449
      Columbia, SC  29211
      Tel: 803-929-1400
      Fax: 803-929-0300
***Attorneys for Defendant Austin Capital Bank, SSB***

April 13, 2026
Columbia, SC